JESSE STALLINGS, plaintiff in error, vs. A. & J. CARSON, de- defendants in error.

A witness saying that he is interested, does not disqualify him, when the facts show that he is not.

Assumpsit, from Taylor county.  Tried before Judge WORRILL, October Term, 1857.

The jury in this case found for the plaintiffs, and defendant moved for a new trial, on the grounds,

1st. Because there is no evidence to support the verdict.

2d. Because the verdict is contrary to the evidence and law.

3d. Because the Court erred in admitting the evidence of Sampson S. Foy, who was interested in the event of the suit.

4th. Because the Court erred in neglecting to charge the jury, that any promise made since 1844, to take the case out of the statute of limitations, should be in writing.

The Court refused the motion for a new trial, and defendant excepted.

COOKE & MONTFORT; GRICE & WALLACE, for plaintiff in error.

Hose et at. vs. King and wife.

Owen; and B. Hill, *contra.*

*By the Court.*—Lumpkin J., delivering the opinion.

The only question in this case is, whether Sampson S. Foy was disqualified from testifying as a witness in this case, on account of his interest. For, notwithstanding the promise to pay, which was proven by Joseph Carson, may have been sufficient to entitle the plaintiff to recover, independent of the testimony of Foy, still, as a new trial was moved, if illegal testimony was admitted against the defendant, the Court is bound to remand the case for a re-hearing.

And it is true, that Foy says he was interested, but when he comes to disclose the nature of his interest, it turns out that he was mistaken. For he swears expressly, that if the money is not collected out of Stallings, that Robert Carson is to pay him. And it is not proven or pretended, that Robert Carson is not solvent. We hold, therefore, that Foy was a competent witness; and it is not denied but that if he was, his testimony took the case out of the statute of limitations.

Judgment affirmed.